UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| ROSENDO JOSEPH ROSALES, III, Individually and On Behalf of All Others Similarly Situated, <br><br> *Plaintiff*, <br><br> v. <br><br> INDUSTRIAL SALES & SERVICES, LLC & BERNARD GOCHIS <br><br> *Defendant*. | § § § § § § § § § § § | No. _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Rosendo Joseph Rosales, III (referred to as "Plaintiff" or "Rosales") bringing this collective action and lawsuit on behalf of themselves and all other similarly situated employees to recover unpaid overtime wages from Defendants Industrial Sales & Service, LLC ("ISS") and Bernard Gochis ("Gochis") (collectively referred to as "Defendants"). In support thereof, he would respectfully show the Court as follows:

I.  Nature of Suit

1. Plaintiff's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general

well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and record keeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Defendants violated the FLSA by employing Plaintiff and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed."  29 U.S.C. § 207(a)(1).

4. Plaintiff brings this collective action under 29 U.S.C. § 216(b) on behalf of themselves and all other similarly situated employees (defined below) to recover unpaid overtime wages under the FLSA.

## II.  Jurisdiction & Venue

5. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

6. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in the Victoria Division of the Southern District of Texas.

## III.  Parties

7. Rosendo Joseph Rosales, III is an individual who resides in Edna, Texas and who was employed by Defendants during the last three years.

9. Industrial Sales & Service, LLC is a Colorado corporation that may be served with process by serving its registered agent:

Alpine Site Services Inc.
25222 Northwest Freeway, #105
Cypress, Texas 77429

Alternatively, if the registered agent of ISS cannot with reasonable diligence be found at the company's registered office, ISS may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. Defendant Bernard Gochis is an individual and may be served with process at:

Bernard Gochis
10875 Dover St. #1100
Broomfield, CO 80021

Alternatively, Bernard Gochis may be served with process pursuant to the TEX. CIV. PRAC. & REM. CODE § 17.021 by serving an agent or clerk employed at his office or place of business because this action grows out of or is connected with the business he transacts in this state.

11. Whenever it is alleged that Defendants committed any act or omission, it is meant that the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine and normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants or employees.

### IV. Facts

12. ISS fabricates engineered screwpiles for commercial construction projects, including power stations, oil and gas refineries and natural gas plants.

13. ISS does business in the territorial jurisdiction of this Court.

14. ISS employed Rosales as a welder/laborer/machine operator during the last three years.

15. During Rosales' employment with ISS, he worked in Edna, Texas.

16. During Plaintiff's employment with ISS, they were engaged in commerce or in the production of goods for commerce.

17. During Plaintiff's employment with ISS, the company was an enterprise engaged in commerce because it (1) had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others and (2) had an annual gross volume of sales made or business done of at least $500,000.

18. Defendants paid Plaintiff on an hourly basis.

19. During Plaintiff's employment with Defendants, they regularly worked in excess of forty hours per week.

20. Defendants, though, did not pay Plaintiff for all of the hours that they worked, and it did not count all of the hours that Plaintiff worked towards its obligation to pay overtime.

21. Defendants knew or reasonably should have known that Plaintiff worked in excess of forty hours per week.

22. Defendants did not pay Plaintiff overtime as required by 29 U.S.C. § 207(a)(1) for the hours they worked in excess of forty per week.

23. Instead, Defendants failed to pay for all of the hours that Plaintiff worked and to count all of the hours that Plaintiff worked towards its obligation to pay overtime.

24. In other words, Defendants paid Plaintiff for fewer hours—both regular hours and overtime hours—than they actually worked.

25. Additionally, when it did pay overtime, Defendants paid Plaintiff at his normal hourly rate (in other words, their straight-time rate).

26. Defendants knew or reasonably should have known that Plaintiff was not exempt from the overtime requirements of the FLSA.

27. Defendants failed to maintain accurate time and pay records for Plaintiff and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c).

28. Defendants knew or showed a reckless disregard for whether its pay practices violated the FLSA.

29. Defendants are liable to Plaintiff for his unpaid overtime wages, related damages and penalties, and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

30. All laborers, machine operators and welders employed by Defendants are similarly situated to Plaintiff because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they worked in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages, and attorneys' fees and costs from Defendants pursuant to 29 U.S.C. § 216(b).

## V. Count One—
## Failure To Pay Overtime
## in Violation of 29 U.S.C. § 207(a)

31. Plaintiff adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

32. During Plaintiff's employment with Defendants, he was a nonexempt employee.

33. As a nonexempt employee, Defendants were legally obligated to pay Plaintiff "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

34. Defendants failed to pay Plaintiff for the hours they worked over forty in a workweek at one and one-half times his regular rate.

35. Instead, Defendants failed to pay for all of the hours that Plaintiff worked and to count all of the hours that they worked towards its obligation to pay overtime.

36. In other words, Defendants paid Plaintiff for fewer hours—both regular hours and overtime hours—than they actually worked.

37. Additionally, when it did pay overtime, Defendants paid Plaintiff at his normal hourly rate (in other words, his straight-time rate).

38. If Defendants classified Plaintiff as exempt from the overtime requirements of the FLSA, they were misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

39.     Defendants knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA; in other words, they willfully violated the overtime requirements of the FLSA.

## VI.  Count Two—
## Collective Action Allegations Under 29 U.S.C. § 216(b)

40.     Plaintiff adopts by reference all of the facts set forth above.  *See*, Fed. R. Civ. P. 10(c).

41.     On information and belief, other employees have been victimized by Defendants' violations of the FLSA identified above.

42.     These employees are similarly situated to Plaintiff because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

43.     Defendants' policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

44.     Since, on information and belief, Plaintiff's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

45.     All employees of Defendants, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of

damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All laborers, machine operators and welders employed by Defendants during the last three years.

46. Defendants are liable to Plaintiff and the other laborers, machine operators and welders for the difference between what it actually paid them and what it was legally obligated to pay them.

47. Because Defendants knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Plaintiff and the other laborers, machine operators and welders their unpaid overtime wages for at least the last three years.

48. Defendants are liable to Plaintiff and the other laborers, machine operators and welders in an amount equal to their unpaid overtime wages as liquidated damages.

49. Defendants are liable to Plaintiff and the other laborers, machine operators and welders for their reasonable attorneys' fees and costs.

50. Plaintiff has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of themselves and all other putative class members.

## VII. Prayer

51. Plaintiff prays for the following relief:

    a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

- 9 -

    b. judgment awarding Plaintiff and the other laborers, machine operators and welders all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

    c. prejudgment interest at the applicable rate, if available;

    d. postjudgment interest at the applicable rate, if available;

    e. incentive award for any class representative(s); and

    f. all such other and further relief to which Plaintiff and the other laborers, machine operators and welders may show themselves to be justly entitled.

Respectfully Submitted,

MOORE & ASSOCIATES

By: /s/ Melissa Moore
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas  77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**

Of Counsel:

Renu Tandale
State Bar No. 24107417
Federal Id. No. 3487389
MOORE & ASSOCIATES
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739