UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| ROSENDO JOSEPH ROSALES, III, § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. 6:20-CV-00030 |
| § | |
| INDUSTRIAL SALES & SERVICES, LLC § and BERNARD GOCHIS, § § | |
| Defendants. § | |

# MEMORANDUM OPINION AND ORDER

Plaintiff Rosendo Joseph Rosales, III brings this lawsuit under the Fair Labor Standards Act ("FLSA") against Industrial Sales & Services, LLC ("ISS") and Bernard Gochis for failing to pay overtime wages to him and other ISS employees. (Dkt. No. 26). Gochis filed a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure arguing that Rosales failed to plead facts sufficient to sustain a finding that Gochis was Rosales's employer under the FLSA. (Dkt. No. 29).[1] For the following reasons, the Court **DENIES** Gochis's Motion.

## I. BACKGROUND

For purposes of this Motion, the Court takes as true the factual allegations made in Rosales's Second Amended Complaint. (Dkt. No. 26). ISS is a company that produces engineered screw piles for commercial construction projects such as power stations, oil

---

[1] Gochis provided additional support for his Motion to Dismiss. (Dkt. No. 32); (Dkt. No. 40); (Dkt. No. 45); (Dkt. No. 65). Rosales supplied briefing in opposition. (Dkt. No. 31); (Dkt. No. 38); (Dkt. No. 44); (Dkt. No. 62).

and gas refineries, and natural gas power plants. (*Id*. at ¶ 13). Rosales worked for ISS as a laborer, equipment operator, and welder for almost two years. (*Id*. at ¶¶ 15–16). Rosales was paid on an hourly basis and typically worked more than forty hours per week. (*Id*. at ¶¶ 25–30). Rosales claims he was not paid overtime for hours worked in excess of 40 in a workweek. (*Id*. at ¶¶ 29–30). Instead, Rosales contends that ISS paid him his regular hourly rate for all hours worked, including overtime. (*Id*.).

Rosales claims that Gochis was also his employer under the FLSA. (*Id*. at ¶ 17). Rosales asserts that Gochis played a major role at ISS while Rosales worked there. He contends that Gochis was "responsible for ISS' pay practices and exercis[ed] substantial control over ISS' finances and operations," (*id*.), and that Gochis had authority over ISS's hiring and firing decisions and the determination of employee work schedules. (*Id.* at ¶ 19). Using that power, Rosales asserts that Gochis personally terminated his employment in August 2019. (*Id*.). Rosales asserts that Gochis also made other hiring and firing decisions while Rosales was employed. (*Id*.).

Rosales argues that as his "employers," ISS and Gochis violated the FLSA by not paying him one and one-half times his regular rate of pay for the time he worked in excess of 40 hours per workweek. Rosales seeks "back wages, liquidated damages and attorney's fees, plus interest and costs." (*Id.* at ¶¶ 47, 80).

In response to Rosales's Second Amended Complaint, Gochis filed a Rule 12(b)(6) Motion to Dismiss the FLSA claims against him. (Dkt. No. 29). In support of his Motion, Gochis asserts that Rosales has failed to plead sufficient facts demonstrating that Gochis was his "employer" under the FLSA. (*Id.* at 5–8).

2

## II.   LEGAL STANDARDS

### A.   RULE 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than labels and conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The Defendant, as the moving party, bears the burden of proving that no legally cognizable claim for relief exists. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed.).

In reviewing a 12(b)(6) motion to dismiss, a court must accept the plaintiff's factual allegations as true and view those allegations in the light most favorable to the plaintiff. *White v. U.S. Corrections, L.L.C.*, 996 F.3d 302, 306–07 (5th Cir. 2021). The court must evaluate whether "a complaint contains sufficient factual matter to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Dismissal . . .

3

is appropriate where the plaintiff fails to allege 'enough facts to state a claim that is plausible on its face' and thus does not 'raise a right to relief above the speculative level.'" *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965).

The court need not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *accord Alamo Forensic Servs., L.L.C. v. Bexar County*, 861 F. App'x 564, 567 (5th Cir. 2021) (per curiam). And review is limited to the complaint's allegations and to the documents attached to a defendant's motion to dismiss to the extent those documents are referenced in the complaint and are central to the claims. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

### B. THE FLSA

The FLSA was enacted to "protect all covered workers from substandard wages and oppressive working hours." *Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 214, 136 S.Ct. 2117, 2121, 195 L.Ed.2d 382 (2016); 29 U.S.C. § 202 (outlining the FLSA's "Congressional findings and declaration of policy"). Relevant here, the FLSA seeks to prevent workers from being denied overtime wages and provides workers with a cause of action to recover those wages. 29 U.S.C. §§ 207(a)(1), 216(b). The FLSA allows an employee to recover overtime wages if he can show by a preponderance of the evidence: "(1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the

amount of overtime compensation due." *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 379 (5th Cir. 2019).

In determining whether an employer-employee relationship exists, the Court is mindful that "[t]he dominant theme in the case law is that those who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies." *Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014) (quoting *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 251 (5th Cir. 2012)). However, this is not merely an inquiry about who is above the plaintiff on the organization chart. *See Gray v. Powers*, 673 F.3d 352, 356 (5th Cir. 2012) ("[A] status-based inference of control cannot alone suffice to create a genuine fact issue[.]").

## III. DISCUSSION

Gochis argues that Rosales's claim for unpaid overtime against him fails because he has not plead sufficient facts demonstrating that Gochis was Rosales's employer under the FLSA. The Court disagrees.

Whether an individual is an employer under the FLSA is quintessentially a question of law, not fact.[2] The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C § 203(d). The Fifth Circuit has held that this broad definition is crafted to effectuate the

---

[2] Rosales's brief cites a single case, *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 194 (5th Cir. 1983), for the proposition that whether a party is an employer under the FLSA is a question of fact. *See* (Dkt. No. 31 at 5). That same year, in *Castillo v. Givens*, the Fifth Circuit noted that *Donovan* used "less-than-precise terminology" and that "the substantial line of authority in this Circuit has held that the question of employee determination is a legal one[.]" 704 F.2d 181, 187 n.12 (5th Cir. 1983).

5

purpose of the FLSA: to ensure that covered workers receive additional compensation when they work in excess of 40 hours in one workweek. *See Orozco*, 757 F.3d at 448. Thus, an employer may be "an individual who, though lacking a possessory interest in the 'employer' corporation, effectively dominates its administration or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees." *Reich v. Circle C. Invs., Inc.*, 998 F.2d 324, 329 (5th Cir. 1993). The definition of employer is broad enough that an employee who would normally think of himself as having a single employer might have multiple, joint employers at the same time under the FLSA. *See Orozco*, 757 F.3d at 448 ("[t]he remedial purposes of the FLSA require the courts to define 'employer' more broadly than the term would be interpreted in traditional common law applications.").

The Fifth Circuit uses the "economic reality" test to evaluate whether there is an employer-employee relationship under the FLSA.[3] *See Gray*, 673 F.3d at 355. The economic reality test asks a court to consider whether the alleged employer: (1) possessed the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, or (4) maintained employment records. *Id.* at 355. While a party need not establish each element of the economic reality test in every case, at least one factor must be satisfied for

---

[3] In addition to the Fifth Circuit's use of the economic reality test to define "employer," Gochis cited to a regulation defining "employer" that was promulgated by the Department of Labor in March of 2020, 29 C.F.R. §§ 791.1–791.3, but he did not assert which was controlling. *See* (Dkt. No. 29 at 3–4, 6); (Dkt. No. 40 at 1–2). Resolving that issue is no longer relevant because the Department of Labor rescinded the regulation's definition, effective October 5, 2021. *See* 86 Fed. Reg. 52412 (Sept. 21, 2021); 86 Fed. Reg. 40939 (July 30, 2021).

a court to find that a defendant is the plaintiff's employer. *Id.* at 357 ("finding employer status when none of the factors is present would make the test meaningless.").

Gochis argues that Rosales's FLSA claim should be dismissed under Rule 12(b)(6) because Rosales fails to plead sufficient factual allegations showing that Gochis was his employer. But, in making this argument, even Gochis concedes that Rosales has articulated at least one salient fact showing that Gochis is his employer: Rosales's claim that Gochis personally terminated his employment in August 2019. *Compare* (Dkt. No. 26 at ¶ 19) ("Gochis personally terminated Rosales in August 2019[.]") *with* (Dkt. No. 29 at 5) ("The only salient fact [Rosales] sets forth is that Mr. Gochis allegedly terminated his employment."). Since Rosales maintains that Gochis actually exercised his authority to hire and fire employees by personally terminating Rosales, this more than satisfies the first factor, which only requires possession of the power to hire and fire. *Gray*, 673 F.3d at 355. And it is enough to survive the pleading standard of Rule 12(b)(6) in this case.

Gochis cites *Martin v. Spring Break '83 Productions, L.L.C.* to argue that meeting only one factor of the economic reality test should not be enough to survive a motion to dismiss. (Dkt. No. 29 at 6) (citing *Martin*, 688 F.3d at 251). In *Martin*, the plaintiff asserted that he personally witnessed one of the defendants firing employees, among other factual assertions. *Martin*, 688 F.3d at 251. The district court found that only the first prong of the economic reality test was satisfied and granted summary judgment for the defendant, holding that meeting one factor alone was not enough to create a genuine issue of material fact as to employer status. *Id.* at 253. The Fifth Circuit upheld the district court's order. *Id.* But *Martin* is distinguishable because it concerned the burden of proof for

summary judgment. *See generally Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (surveying the summary judgment standard). The standard is much different at the motion to dismiss stage. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949.

In the end, the FLSA's broad definition of employer is designed to serve its remedial purpose. The allegation that Gochis personally fired Rosales, along with other employees, makes it plausible that Gochis is Rosales's employer under the FLSA at this stage. The discovery process will flesh out whether further evidence can support the claim that Gochis is Rosales's employer.

### IV. CONCLUSION

In sum, Rosales's Second Amended Complaint alleges that Gochis personally terminated his employment with ISS. Since the Court must construe the factual allegations in the Second Amended Complaint in favor of Rosales as the non-moving party, the Court finds that this factual allegation, taken as true, satisfies at least the first factor of the economic reality test. This is enough to conclude that Rosales has set forth a plausible claim that can survive a motion to dismiss.

For the foregoing reasons, the Court **DENIES** the Motion.

It is SO ORDERED.

Signed on December 10, 2021.

                                            **DREW B. TIPTON**
                                  **UNITED STATES DISTRICT JUDGE**