United States District Court
Southern District of Texas
**ENTERED**
February 28, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| ROSENDO JOSEPH ROSALES, III, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>INDUSTRIAL SALES & SERVICES, LLC,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ Civil Action No. 6:20-CV-00030<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Rosendo Rosales and Leo Cornelius Butler, Jr. are suing their former employer, Industrial Sales & Services, LLC ("ISS"), alleging violations of the Fair Labor Standards Act ("FLSA"). (Dkt. No. 26). Rosales and Butler allege that ISS withheld overtime pay to which they are entitled under the FLSA. (*Id.* at 7–8). ISS argues that Rosales and Butler are exempt from the FLSA's overtime requirement as a result of the Motor Carrier Act ("MCA") exemption and, therefore, not entitled to overtime pay. (Dkt. No. 30 at 12). On September 30, 2022, this Court issued an Order denying cross motions for summary judgment as to whether the MCA exemption applies in this case. (*See* Dkt. No. 96). It remains a question for the jury whether the FLSA entitles Rosales and Butler to overtime pay from their former employer, ISS. (*Id.* at 5–21).

Pending before the Court is Rosales and Butler's request to certify the September Order, (Dkt. No. 96), for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (Dkt. No.

100). Rosales and Butler request that the Fifth Circuit have the chance to review the Court's holding, (Dkt. No. 96 at 15–18), that the MCA exemption extends to non-motor carriers acting as joint employers with a motor carrier. (Dkt. No. 100). Rosales and Butler dispute the Court's finding and maintain that ISS, who is not a motor carrier, cannot avail itself of the MCA exemption by virtue of its relationship with its sister company, Alpine Site Services, Inc. ("Alpine"). (Dkt. No. 100 at 2). For the following reasons, the Court **DENIES** the Motion to Certify the Order for Interlocutory Appeal.

Rosales and Butler additionally submitted a Motion to Stay Pending Interlocutory Appeal. (Dkt. No. 101). The Court **DENIES** the motion to stay as moot.[1]

I.  **BACKGROUND**

The underlying issue in this case is that Rosales and Butler, who worked as welders for ISS between 2017 and 2019, claim they were denied overtime pay by ISS in violation of the FLSA. (Dkt. No. 96 at 1). ISS put forward an affirmative defense, arguing that the MCA exempts them from the FLSA's overtime requirement. (*Id.*). In the Order denying cross motions for summary judgment, the Court held that the MCA's exemption

---

[1] In their Reply brief, Rosales and Butler argue that the Court should both certify the MCA exemptions question for appeal and stay the case on the grounds that the impending resolution of their case in the Houston Division, *Kelley v. Alpine Site Services, Inc.*, No. 4:19-cv-1152, will be "preclusive" in this case. (Dkt. No. 104 at 2). ISS responds with three arguments. First, ISS asserts that the Plaintiffs have failed to show that the *Kelley* case will have a preclusive effect in this case under the collateral estoppel doctrine. (Dkt. No. 107 at 1–3). Second, ISS argues that if the *Kelley* case were to have a preclusive effect, then interlocutory appeal would be inefficient and result in "piecemeal appeals[.]" (*Id.* at 3). Finally, ISS points out that a stay is unnecessary because the docket call has now been moved back by four months, by which time the court in the *Kelley* case will likely issue its ruling. (*Id.*). The Court agrees with ISS that the Plaintiffs have not carried their burden of establishing that the doctrine of collateral estoppel applies in this case. *Vasylivna v. Texas Dep't of Fam. & Protective Servs.*, No. SA-18-CV-00663-OLG, 2018 WL 7286480, at *2 (W.D. Tex. Oct. 10, 2018).

applies if the employer is a motor carrier and if the employee is engaged in particular activities affecting the operation of motor vehicles. (*Id.* at 5–7); *see also, White v. U.S. Corr., L.L.C.*, 996 F.3d 302, 308 (5th Cir. 2021) ("the applicability of the MCA exemption to a particular employee 'depends both on the class to which his employer belongs and on the class of work involved in the employee's job.'"); *Amaya v. NOYPI Movers, L.L.C.*, 741 F. App'x 203, 205 (5th Cir. 2018).

The Order examined the Fifth Circuit's standard for applying the MCA exemption, (Dkt. No. 96 at 5–7), and held that the exemption extends to non-motor carriers who act as joint employers with a motor carrier. (*Id.* at 15–18); *see Songer v. Dillon Resources, Inc.*, 618 F.3d 467, 472–473 (5th Cir. 2010) (abrogated on other grounds by *Amaya*, 741 Fed. App'x at 205 n.2). When determining whether the MCA exemption is applicable, "the ultimate decision whether an employee is exempt is a question of law." *Smith v. City of Jackson, Miss.*, 954 F.2d 296, 298 (5th Cir. 1992). Because the exemption's application depends on certain "qualifications for both the employer and employee," *Amaya*, 741 Fed. App'x at 205, the determination is "a legal conclusion based on factual inferences[.]" *Dalheim v. KDFW-TV*, 918 F.2d 1220, 1226 (5th Cir. 1990) (citation omitted).

In this case, the Parties agree that ISS is not a motor carrier and that its sister company, Alpine, is a motor carrier. (Dkt. No. 96 at 14–15). The Parties do not agree on the Court's holding that the MCA exemption applies to non-motor carriers when they act as joint employers with a motor carrier. (*See* Dkt. No. 100 at 2); (*See* Dkt. No. 96 at 15–18). The Court's September Order did not resolve whether ISS and Alpine were, in fact, acting

3

as joint employers, (Dkt. No. 96 at 18–21), because that is a finding of fact proper for a jury. *See Gray v. Powers*, 673 F.3d 352, 354–355 (5th Cir. 2012).

## II.  LEGAL STANDARD

District judges have discretion to certify interlocutory appeals when an "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C.A. § 1292(b); *see also Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 46, 115 S.Ct. 1203, 1210, 131 L.Ed.2d 60 (1995). The moving party bears the burden of demonstrating the necessity of an interlocutory appeal. *Coates v. Brazoria Cnty. Tex.*, 919 F.Supp.2d 863, 867 (S.D. Tex. 2013). The Fifth Circuit has noted that "Section 1292(b) appeals are exceptional." *Clark-Dietz.*, 702 F.2d at 69; *but see Hadjipateras v. Pacifica, S.A.*, 290 F.2d 697, 702–03 (5th Cir. 1961). Section 1292(b) "is not a vehicle to question the correctness of a district court's ruling or to obtain a second, more favorable opinion." *Ryan v. Flowserve Corp.*, 444 F.Supp.2d 718, 722 (N.D. Tex. 2006).

Of the statute's three-prong test, the Parties do not dispute that the applicability of the MCA exemption constitutes a controlling question of law which may materially advance the termination of litigation. But, ISS does challenge the Plaintiffs' Motion on the basis that they have not established the existence of substantial ground for difference of opinion required under Section 1292(b). (Dkt. No. 102 at 3–5). Generally, although this prong of Section 1292(b) is the "least predictable in application," it has also been the "least troubling for district courts" to apply of the three. *Ryan*, 444 F.Supp.2d at 723. Because the "threshold for establishing a substantial ground for difference of opinion is

4

higher than mere disagreement or even the existence of some contrary authority," district courts "have not been bashful about refusing to find substantial reason to question a ruling of law." *Coates*, 919 F.Supp.2d at 868 (citations omitted) (internal quotation marks omitted).

There are four circumstances in which courts traditionally have found a substantial ground for difference of opinion. *Id.* These circumstances exist where "a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id.* at 868–69; *see also Ryan*, 444 F.Supp.2d at 723–24. Substantial "means just that—significantly great." *Ryan*, 444 F.Supp.2d at 724. Therefore, neither "a party's claim that a district court has ruled incorrectly" nor "counsel['s] disagree[ment] on applicable precedent" satisfy the prong's high threshold. *Id.*

### III. DISCUSSION

To support their Motion, Rosales and Butler offer two arguments. First, they challenge the Court's holding that the MCA exemption applies to non-motor carriers acting as joint employers with motor carriers by asserting that "[t]his exemption-by-association theory does not appear to have been ever addressed by the Fifth Circuit." (Dkt. No. 100 at 2). Second, they claim that the existing authority on application of the MCA exemption from both the Supreme Court and the Fifth Circuit "appear[] to cast significant doubt as to [the holding's] viability." (*Id.*); *see generally Boutell v. Walling*, 327

5

U.S. 463, 66 S.Ct. 631, 90 L.Ed. 786 (1946); *Steinmetz v. Mitchell*, 268 F.2d 501, 503 (5th Cir. 1959).

In response, ISS argues that Fifth Circuit caselaw proves that the Plaintiffs' first claim is "an assertion that is demonstrably false." (Dkt. No. 102 at 4). ISS refers to the Fifth Circuit's most recent holding on this question in *Songer v. Dillon Resources, Inc.*, which extended motor carrier status under the MCA exemption to non-motor carriers acting as joint employers with motor carriers. 618 F.3d at 472–73. In response to the Plaintiffs' second claim that the Court's holding conflicts with precedent, ISS argues that the Court "considered, and rejected," the argument that the Fifth Circuit's holding in *Songer* conflicts with existing authority. (Dkt. No. 102 at 4). ISS argues that the Court's ruling is consistent with other district courts in the Fifth Circuit who have also held that *Songer* poses no conflict with previous caselaw. (*Id.*); *see Fiveash v. South East Pers. Leasing, Inc.*, No. 1:20-CV-00866, 2022 WL 1105750, at *4 (W.D. Tex. Apr. 13, 2022).

The Plaintiffs have not satisfied their burden of establishing that there is a substantial ground for difference of opinion on application of the MCA exemption in the context of joint employers. Of the four circumstances where trial courts have found such grounds, none present themselves here. *See Coates*, 919 F.Supp.2d at 868–69. This case presents neither a question of foreign law nor an issue of first impression. *Id.* The Plaintiffs have also not established a circuit split. The Court's ruling that the MCA exemptions extends to joint employers is consistent with the Fifth Circuit's holding in *Songer* as well as with the holding in *Moore v. Universal Coordinators, Inc.*, a case out of the Third Circuit. 423 F.2d 96, 98 (3d. Cir. 1970) ("If plaintiffs can be considered 'employees'

of [] a carrier, then the overtime provisions of the FLSA do not apply—notwithstanding the fact that plaintiffs are also employees of [] a non-carrier."). As a result, the Court's ruling does not appear to be "contrary to the rulings of all Courts of Appeals which have reached the issue[.]" *Coates*, 919 F.Supp.2d at 868.

The Plaintiffs' disagreement with the Court's application of *Songer* does not surpass mere disagreement. Although the Plaintiffs claim that the Fifth Circuit is silent on application of the MCA exemption to joint employers, Rosales and Butler previously acknowledged, and challenged, the position taken on the issue by the Fifth Circuit in *Songer*. (Dkt. No. 96 at 18); (Dkt. No. 91 at 3) ("[T]o the extent they purport to have located more recent 'conflicting' authority, it merits no consideration. After all, under the rules of orderliness, appellate panels are bound by earlier precedent[.]").

Not only has application of the MCA exemption to joint employers been squarely "addressed by the Fifth Circuit," (Dkt. No. 100 at 2), it has also been found to present no conflict with previous rulings. *See Fiveash*, 2022 WL 1105750 at *4. As such, the Court finds no substantial ground for difference of opinion warranting interlocutory appeal on this issue.

## IV. CONCLUSION

The Court **DENIES** Plaintiffs' Motion to Certify Interlocutory Appeal, (Dkt. No. 100).

The Court **DENIES** Plaintiff's Motion to Stay Pending Interlocutory Appeal as moot, (Dkt. No. 101).

It is SO ORDERED.

Signed on February 28, 2023.

                                             **DREW B. TIPTON**
                                   **UNITED STATES DISTRICT JUDGE**